Cunningham, Presiding Judge.
At a time not disclosed by appellant’s abstract, appellee, Herring, filed suit in the Larimer district court .to recover damages from the appellant, the irrigating company, alleged to have been occasioned to his growing crops and land by reason of the seepage water from the irrigation canal owned and used by appellant. Plaintiff alleged that he had suffered damages in the sum of $1,900 on account of a decrease in his crops incident to the seep *457 age, and that his land had been damaged in the sum of $600. The jury fixed his damages at $733, upon which judgment was entered, and from this judgment the case is brought here on appeal by the irrigating company. There was ample evidence to support the verdict. Indeed, the evidence would, in our judgment, have supported a very much larger verdict.
But even if the evidence had failed to disclose negligence on the part of the defendant company, still, under plaintiff’s second cause of action we think the evidence and the law would have supported the verdict rendered. The ditch through which the irrigating company was running water had been for some twenty-five years used by the city of Fort Collins for the purpose of carrying about thirty feet of water. In 1906 or 1907 the irrigating company acquired this canal from the city, and proceeded to run one hundred and sixty or one hundred and seventy-five feet of water through it. Its right to run this additional volume of water was not acquired by condemnation, but by a deed from the appellee, and another, in which deed there was a condition excepting from the conveyance, “damages occasioned by seepage, breaking of said ditch, or overflowing thereof to the damage of the land', crops or trees of the first party,” on the land involved in this action. The evidence is overwhelming, indeed uncontradieted, that the plaintiff had cropped the land in question for some twenty-three years,.while the city was running the thirty feet of water through the ditch, and that no damage had resulted from the operation of the ditch by the city in this manner. The evidence is also clear that in the year 1907, when the damages in question occurred, and which appears, to have been the first year that the one hundred sixty or one hundred seventy-five feet of water was run through the ditch by the defendant, the water seeped from the ditch upon and over plaintiff’s land as a result, not alone of the negli *458 gent manner in which the ditch was operated, but by reason of the vastly increased burden put upon it.
Appellant’s complaint of the trial court’s instructions, we think, is without merit.

Judgment Affirmed.